**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

DAVID LEE REDIX, JR.                                                                PLAINTIFF

v.                                          4:26-cv-00236-JM-JJV

MELVIN REDIX, JR., Sergeant,
Dub Brassell Detention Center; *et al.*                                   DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr.  Any party may serve and file written objections to this Recommendation.  Objections should be specific and include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

## I.      INTRODUCTION

In March 2026, Plaintiff David Lee Redix, Jr. filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging he did not receive constitutionally adequate medical care at the Brassell Detention Center.  (Doc. 2.)  On April 9, 2026, I entered an Order pointing out several pleading deficiencies with the Complaint, giving Plaintiff thirty days to file an Amended Complaint curing them, and cautioning him that I would recommend his case be dismissed without prejudice if he did not timely do so.  (Doc. 5.)  The time to do so has passed.  Thus, I will now screen the Complaint pursuant to 28 U.S.C. § 1915A.

## II.     DISCUSSION

Plaintiff says on February 20, 2026, a dentist pulled his tooth and prescribed a pain

medication that he did not receive for three days before he filed his Complaint.  (Doc. 2.)  The Defendants are Sergeant Melvin Redix, Jr. and Officer Tommy "Doe," who have been sued both in their official and personal capacities.  After careful consideration, I conclude the Complaint fails to state a plausible claim for relief for the following reasons.

First, Plaintiff's official capacity claims must be treated as a suit against the county itself. *See Hall v. Higgins*, 77 F.4th 1171, 1178 (8th Cir. 2023); *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018).  Because there is no vicarious liability in § 1983 actions, Jefferson County cannot be held liable merely because it is the employer of the individuals who may have violated Plaintiff's constitutional rights. Instead, Jefferson County can only be held liable if the constitutional violation resulted from: (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Partridge v. City of Benton, Arkansas,* 157 F.4th 970, 973 (8th Cir. 2025); *Leftwich ex rel. Leftwich v. Cnty. of Dakota*, 9 F.4th 966, 972 (8th Cir. 2021).  Because Plaintiff has not made any such allegations, he has failed to plead a plausible official capacity claim.

Second, to plead an inadequate medical care claim against Defendants in their personal capacities, it must be plausible that: (1) Plaintiff had an objectively serious need for pain medication; and (2) Defendants Redix and Doe subjectively knew of, but deliberately disregarded, that serious need.[1]  *See Johnson v. Leonard*, 929 F.3d 569, 575-76 (8th Cir. 2019); *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016).  The denial of unspecified pain medication for three

---

[1]  Plaintiff says Defendants "violated my first second and fourth constitutional rights." (Doc. 2 at 4.)  Because he was a pretrial detainee, his medical care claim falls under the Fourteenth Amendment, which uses the same standard as medical care claims brought by convicted prisoners under the Eighth Amendment.  *See Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). And Plaintiff has not provided any facts that could arguably support a First, Second, or Fourth Amendment claim.

days, standing alone, is not enough to satisfy the first element. *See Parks v. Hughes,* Case No. 10-2581, 2010 WL 4323194 (8th Cir Nov. 3, 2010) (two-week delay in receiving medications was not a constitutional violation); *Ervin v. Busby*, 992 F.2d 147, 150-51 (8th Cir. 1993) (one-month delay in refilling prescription was not a constitutional violation).  This is especially true since Plaintiff has not clarified what pain medication he was prescribed, how long he was instructed to take it, how long in total he went without it, or whether he received any over-the-counter pain medications.  As to the second element, Plaintiff has not explained how Defendant Redix or Doe subjectively knew of, but were deliberately indifferent to, his need for pain medication.  In fact, he has not provided any facts explaining how they were personally involved in his medical care at all.  *See  Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution).  Accordingly, Plaintiff has also failed to plead a plausible inadequate medical care claim against Defendants in their personal capacities.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    The Complaint (Doc. 2) be DISMISSED without prejudice.

2.    In the future, dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 12th day of May 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE